Matilde Rodríguez, recurrente, v. Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 982.—*Sometido:* Noviembre 20, 1936. *Resuelto:* Abril 23, 1937.

*E. Báez García,* abogado de la recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En agosto 21, 1936, Eulalio Quiñones Rivera y su esposa vendieron un solar a Matilde Rodríguez, la aquí peticionaria, por la suma de $925. Como la propiedad estaba sujeta a una hipoteca por $260, el acreedor hipotecario compareció en la escritura de compraventa y aceptó de la compradora el importe de su préstamo. La escritura contenía las cláusulas corrientes de tales transacciones y, en adición, la siguiente:

> "*Tercero:* y por tenerlo así convenido, por la presente don Eulalio Quiñones Rivera, con el expreso consentimiento de su esposa doña Mercedes López González, vende la finca descrita en el hecho primero de esta escritura a favor de doña Matilde Rodríguez, trasmitiéndole la posesión y dominio de la misma, con todos sus usos y derechos inherentes, sin reservación alguna, incluyéndose en esta venta el derecho de hogar seguro que tengan o puedan tener los esposos Quiñones-López en la misma, a fin de que pueda disfrutar de ella como única y legítima dueña."

La adquirente trató de inscribir su título en el registro de la propiedad, mas el registrador se negó a inscribir la cláusula arriba copiada fundándose en que era contraria a los preceptos de la Ley de Hogar Seguro (Ley núm. 87,

aprobada el 13 de mayo de 1936, leyes de ese año, pág. 461).
La nota del registrador lee así:

"Inscrita la compraventa y hecha la cancelación de la hipoteca
a que se refiere el documento que precede que es la escritura nú-
mero ciento setenta otorgada en Mayagüez, a 21 de octubre actual
ante el notario Enrique Báez García, pero observando que en dicha
escritura se pacta incluir en el precio de dicha venta el derecho de
Hogar Seguro que tengan o puedan tener los vendedores en la finca
vendida, deniego la inscripción solicitada en cuanto al referido pacto
en relación con dicho hogar seguro por ser nulo de acuerdo con la
ley para tal caso prevista, tomándose en su lugar anotación preven-
tiva por el término legal a favor de la adquirente, todo al folio dos-
cientos uno del tomo 205 de esta ciudad, finca número 7203, inscrip-
ción tercera. Inscrita dicha finca parte en dominio y parte en po-
sesión y gravada con un embargo a favor de El Pueblo de Puerto
Rico por $20.28 de contribuciones y $2.39 de recargos. Mayagüez,
octubre 8 de 1936."

De esta nota es aparente que al así proceder el registra-
dor se basaba en la última oración de la sección primera de
la Ley de Hogar Seguro, supra. Esa oración reza del modo
siguiente:

"Sección 1.— . . . . . . . . . .
Este derecho de *homestead* es irrenunciable; y cualquier pacto en
contrario se declara nulo."

La cuestión a decidir en este recurso gubernativo es si
una venta de propiedad inmueble en que se hace constar que
el derecho de hogar seguro está incluído en el precio de la
compraventa constituye un pacto contrario a la disposición
legal arriba copiada. A nuestro juicio no lo constituye.

El hecho de que el hogar seguro sea irrenunciable no sig-
nifica que una vez creado y en existencia, no pueda, cuando
sea en beneficio de la persona poseedora de tal derecho, ser
vendido, permutado o estar sujeto a otros posibles inciden-
tes del dominio.

Cuando una persona tiene el dominio absoluto de una
propiedad y la vende, teniendo con ello la intención de ena-
jenar o de disponer de su título e interés completos, el dere-

cho de hogar seguro necesariamente se amalgama (*merges*) en el derecho mayor de dominio. *In praesentia majoris cessat potentia minoris.*

Una interpretación distinta, cuando toda la propiedad valga menos de $500, pondría un obstáculo a la libre enajenación y podría, en su consecuencia, dar lugar a una cuestión constitucional.

*Por tanto, se revoca la nota recurrida y se ordena la inscripción denegada.*